# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAYMOND MARTIN, | ) | Civil Action No: |
| *Plaintiff,* | ) | 15-1113 (PGS)(TJB) |
| v. | ) | **MEMORANDUM** |
| SA IT SERVICES, INC., *et al.* | ) | **AND** |
| *Defendants.* | ) | **ORDER** |

Presently before the Court is Defendant Bank of America's (hereinafter, "BOA") motion to dismiss Plaintiff Raymond Martin's Third Amended Complaint (hereinafter, "Complaint") pursuant Federal Rule of Civil Procedure 12(b)(6). (ECF No. 67).  In his Complaint, Plaintiff alleges claims of discrimination contrary to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. § 10:5-12 *et seq.*

## BACKGROUND

This case arises from allegations of workplace discrimination.  In August 2013, Plaintiff, a Jamaican born male, was hired by SA IT Services. (Complaint at ¶¶ 7-10).  Thereafter, SA IT contracted with BOA to provide information technology services at their Pennington, New Jersey office. (*Id.* at ¶ 11).  Apparently, Plaintiff was assigned to work on this contract and was to report to training in Arizona beforehand. (*Id.* at ¶ 12).  However, when Plaintiff inquired about travel arrangements for his training, he was allegedly told by an SA IT employee, Christina Hause, that BOA did not want anyone with a Jamaican accent working on the project and, as a result, SA IT fired him. (*Id* at ¶ 13).

1

At some point later in August 2013, Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter, "EEOC"), alleging racial discrimination. (*Id.* at ¶ 14). However, on November 4, 2013, SA IT rehired Plaintiff to work as a refresh technician at BOA's Pennington office. (*Id.* at ¶ 15). According to Plaintiff, his "direct supervisor was Angela Oberg who, using a BOA email address, corresponded with Plaintiff and managed Plaintiff's day-to-day activities." (*Id.* at ¶ 16).

Plaintiff claims that SA IT later contacted the EEOC to notify them that the underlying charge had been resolved and, therefore, sought to have the complaint dismissed. (*Id.* at ¶ 17). According to the Complaint, Plaintiff refused to withdraw his EEOC complaint and, as a result, SA IT and BOA responded by treating him differently than other employees and creating a hostile work environment. (*Id.* at ¶ 18). Specifically, Plaintiff claims that while BOA issued work cell phones and computers to its other employees, he received neither. (*Id.* at ¶ 19). As such, Plaintiff alleges that "SA IT and BOA conspired to create a hostile work environment for Plaintiff by limiting his administrative rights, access to outlook email and prevented him from remotely accessing BOA's system in order to perform his job." (*Id.* at ¶ 20). According to the Complaint, SA IT fired Plaintiff some point thereafter. (*Id.* at ¶ 21).

In his Complaint, Plaintiff alleges that SA IT was an agent of BOA, when the purported discriminatory conduct occurred. (*Id.* ¶¶ 23-24). As such, Plaintiff claims that BOA is liable based on its principal-agent relationship with SA IT. (*Id.* ¶ 32). BOA seeks dismissal of Plaintiff's Complaint, since it was not his employer and, alternatively, because he failed to exhaust his administrative remedies.

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

### ANALYSIS

BOA seeks dismissal of Plaintiff's Complaint since no employment relationship existed between it and Plaintiff such that it could be liable under either Title VII or NJLAD. Plaintiff responds, contending that, as an agent of BOA, it is protected under both statutes. The Court disagrees.

It is well-established that independent contractors are not protected under Title VII or NJLAD. *See Shah v. Bank of Am.*, 346 F. App'x 831, 833 (3d Cir. 2009) (stating that independent contractors are not protected by Title VII); *see also Pukowsky v. Caruso*, 711 A.2d 398, 402 (N.J. Super. Ct. App. Div. 1998) ("The federal cases interpreting Title VII, the LAD, and similar laws seem to uniformly hold that independent contractors are not 'employees' within the meaning of

3

anti-discrimination statutes."). As such, to state a claim under either statute, Plaintiff must first establish that he was employee of BOA, not SA IT. *Id.* Here, fatal to Plaintiff's Complaint against BOA is the fact that Plaintiff concedes that he was SA IT's, not BOA's, employee. As such, because there is no employment relationship between Plaintiff and BOA, Plaintiff's Title VII and NJLAD claims fail.

In attempt to cure the absence of an employment relationship, Plaintiff relies on the statutory definition of "employer," in support of his assertion that Title VII applies. Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and *any agent of such a person.*" 42 U.S.C. § 2000e(b) (emphasis added). "The phrase 'and any agent of such a person,' was intended by Congress to establish traditional respondeat superior liability. That is, 'the phrase...simply means that an employer is liable for acts of those employees acting within the scope of their employment, but does not extend liability beyond the employer to the individual harasser.'" *Healy v. Henderson*, 275 F. Supp. 2d 40, 45 (D. Mass. 2003); (quoting *Horney v. Westfield Gage Co.*, 95 F. Supp. 2d 29, 33 (D. Mass 2000)). Here, although the Complaint alleges that SA IT was BOA's agent, the record is bereft of any factual allegations that demonstrate the existence of an agency relationship or the degree of control that BOA may have had for this Court to even find respondeat superior applicable.

However, even assuming that Plaintiff sufficiently alleged the existence of an agency relationship, the Court finds fatal to his cause of action the fact that he failed to exhaust his administrative remedies as required under federal law. "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." *See*

4

*Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). "A complainant may not bring a Title VII suit without having first received a right-to-sue letter." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Moreover, "[a] Title VII action ordinarily may be brought only against a party previously named in an EEOC action." *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh*, 903 F.2d. 243, 252-53 (3d Cir. 1990) (citing 42 U.S.C. § 2000e-5(f)(1)). This being said, a Title VII suit will not necessarily be dismissed against an unnamed party if it had notice and shared a common interest with the named party in the EEOC Complaint. *See Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980), *vacated on other grounds*, 451 U.S. 935 (1981). Here, it is undisputed that Plaintiff did not name BOA in his August 2013 EEOC charge asserting discrimination. In addition, there nothing in the Complaint to support Plaintiff's assertion that BOA had notice of the EEOC charge. As such, for the foregoing reasons, BOA's Motion to Dismiss is granted. Moreover, as this was Plaintiff's third amended complaint, no further opportunity to amend would be fruitful. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

### ORDER

IT IS on this 20 day of February , 2018,

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 67) is granted with prejudice.

PETER G. SHERIDAN, U.S.D.J.